UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MONCHELLO CORNELL LOUIS,　　　　　　　　　Case No. 17-cv-113-WED-PP

　　　　　Plaintiff,

v.

MILWAUKEE COUNTY JAIL, *et al.*,

　　　　　Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

---

　　　　Plaintiff Monchello Cornell Louis, who is confined at the Milwaukee County Jail, is representing himself. He filed a complaint alleging that the defendants violated his constitutional rights. The plaintiff filed a petition to proceed without prepayment of the filing fee under 28 U.S.C. §1915(b), dkt. no. 2. The court also must screen the plaintiff's complaint. 28 U.S.C. §1915A.

　　　　The plaintiff has paid an initial partial filing fee of $11.00. See 28 U.S.C. § 1915(b)(1). The court will grant his motion to proceed without prepayment of the filing fee, and direct collection of the rest of the filing fee, as explained at the end of this order.

　　　　The case currently is assigned to Magistrate Judge Duffin. The defendants, however, have not had the opportunity to consent to the magistrate judge presiding over the case. For this reason, the clerk's office has referred the case to United States District Judge Pamela Pepper for the limited

1

purpose of screening the complaint. The clerk's office will return the case to Magistrate Judge Duffin after entry of this order.

Standard of Review for Screening Complaint

The Prison Litigation Reform Act requires courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint, or part of the complaint, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff need not plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint that offers mere "labels and conclusions," however, or a "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

Case 2:17-cv-00113-WCG   Filed 07/18/17   Page 2 of 8   Document 13

misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by, first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. The party must support legal conclusions by factual allegations. Id. Second, if there are well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The Allegations in the Complaint

During the time of the events the plaintiff describes in the complaint, he was confined at the Milwaukee County Jail. He is suing Deputy Toliver, Nurse Kirk, the Milwaukee County Jail, and the CJF Med Clinic.

The plaintiff alleges that on November 29, 2016, Deputy Toliver intentionally and maliciously slammed a cell door onto his foot, which caused his skin to break and "bleed profusely." Dkt. No. 1 at 2. Nurse Kirk was passing by the plaintiff's cell at the time of the incident. The plaintiff and other inmates requested that she come to his cell. She did, and when she started to attempt to clean the blood from the plaintiff's foot, he told her that he "can do that part." Id. at 3. Nurse Kirk then told the plaintiff that the jail's "Med Clinic" would call him. Nine hours later, Lieutenant Haw (not a defendant) came to the unit and requested that the plaintiff be seen immediately. The plaintiff was seen immediately. A nurse at the Med Clinic treated the plaintiff's injury with antibiotic ointment, wrapped it, and prescribed him Ibuprofen for five days. This helped the plaintiff "minimally," because he still had pain due to a pre-existing ankle sprain "and now a big toe injury." Id.

The plaintiff asks for monetary damages from the Milwaukee County Jail, Deputy Toliver, and the Medical Clinic. He also asks that jail staff be trained on proper protocol when dealing with these sorts of situations and that Deputy Toliver be fired immediately.

Discussion

The court concludes that the plaintiff has alleged sufficient facts to allow him to proceed on an excessive force claim against Deputy Toliver, based on his allegations that she intentionally slammed the cell door onto his foot, causing injury. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472-73 (2015); see also Davis v. Wessel, 792 F.3d 793, 801 (7th Cir. 2015).

The court will not, however, allow the plaintiff to proceed on a claim against Nurse Kirk. It appears that the plaintiff is suing Nurse Kirk because there was a nine-hour delay between when she saw him and when he was seen in the Med Clinic. The plaintiff doesn't allege, however, that Nurse Kirk was responsible for the delay. Rather, he alleges that she came to his cell after the incident, tried to clean his wound, and said that someone from the Med Clinic would call him. There is no indication that Nurse Kirk had anything to do with the delay between the time she saw the plaintiff and the time he was seen in the Med Clinic.

Nor will the court allow the plaintiff to proceed against the Milwaukee County Jail or the jail's Med Clinic, because they are not suable entities under 42 U.S.C. §1983. See, e.g., Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993). To the extent that the plaintiff seeks to hold Milwaukee County responsible for his injury, he cannot; he has not alleged that Deputy Toliver acted under an official policy or custom, or that anyone with policy-making authority was responsible for his injury. See Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690-91 (1978).

Conclusion

The court **ORDERS** that the plaintiff's motion for leave to proceed without prepayment of the filing fee is **GRANTED**. Dkt. No. 2.

The court **ORDERS** that defendants Milwaukee County Jail, CJF Med Clinic, and Nurse Kirk are **DISMISSED**.

The court **ORDERS** that, under the informal service agreement between Milwaukee County and this court, copies of plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on the Milwaukee County defendant.

The court also **ORDERS** that, under the informal service agreement between Milwaukee County and this court, Deputy Toliver shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the agency having custody of the prisoner shall collect from his institution trust account the $339.00 balance of the filing fee, by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with plaintiff's remaining balance to the receiving institution.

The court will send this order to the officer in charge of the agency where the inmate is confined (the Milwaukee County Sheriff). The court will also send a copy to Dennis Brand at the Milwaukee County Jail.

The court **ORDERS** that the parties may not begin conducting discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case. Because the clerk will electronically scan and enter on the docket each filing when the clerk receives it, the plaintiff need not mail copies to the defendants. The defendant will be served electronically through the court's electronic case filing system. The plaintiff should retain a personal copy of each document he files with the court.

The court advises the plaintiff that if he does not timely file his pleadings, the court may dismiss his case for failure to prosecute. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in

orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 18th day of July, 2017.

                          **BY THE COURT:**

                          _____
                          **HON. PAMELA PEPPER**
                          **United States District Judge**